deed to secure the payment of a promissory note. From a decree of foreclosure, Jacob Glos appeals.

JOHN R. O'CONNOR, for appellants.

WILLIAM GIBSON and EDWARD J. PHILLIPS, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. LIMITATION OF ACTIONS, § 94*—*when indorsement of part payment on note is new promise.* An indorsement of payment on a promissory note not in the handwriting of the debtor but in that of the then holder, is not, standing alone, such evidence of part payment as will support the implication of a new promise and toll the statute of limitations (J. & A. ¶ 7211); but it will be considered in connection with corroborative evidence tending to show actual payment at the time of the indorsement.

2. LIMITATION OF ACTIONS, § 94*—*when indorsement of part payment with other evidence shows new promise.* An indorsement of part payment on a promissory note by the then holder, made shortly after the maturity of the note and nine years before the statute of limitations (J. & A. ¶ 7211) would run, in connection with such holder's evidence that at the time of the indorsement he as owner of the note received from its maker, who was indebted to him for nothing else, the sum indorsed or a certificate from which he obtained that amount, is presumptive evidence of payment on the note.

---

### E. P. Stacy & Sons, Appellee, v. Oregon Short Line Railroad Company, Appellant.

### Gen. No. 18,000.     (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 2, 1913. *Certiorari* denied by Supreme Court (making opinion final.)

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Action by E. P. Stacy & Sons, a corporation, against Oregon Short Line Railroad Company to recover damages for negligence in the transshipment of a number of carloads of peaches from Brigham City, Utah to various points in other States, the defendant being the initial carrier. From a judgment in favor of plaintiff for $10,080.75, defendant appeals.

DAVIS & RANKIN, for appellant; EDMUND P. KELLY, of counsel.

CHARLES A. BUTLER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 139*—*when evidence sufficient to sustain verdict for negligence in shipment.* In an action for negligence of the transportation of peaches, evidence *held* sufficient to show that plaintiff was the legal holder of the bills of lading and a verdict for plaintiff *held* not to be against the manifest weight of the evidence.

2. MUNICIPAL COURT OF CHICAGO, § 28*—*when objection to statement of claim not preserved for review.* In an action against a carrier for negligence in the shipment of peaches, objection that plaintiff did not set out in its statement of claim that it was the lawful holder and owner of the bills of lading cannot be raised for the first time on appeal.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.